# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DANA L. SIEMERS,<br><br>                Plaintiff,<br><br>vs.<br><br>BNSF RAILWAY COMPANY, a Delaware corporation;<br><br>                Defendant. | **8:17CV360**<br><br>**PROTECTIVE ORDER** |

This matter is before the Court on the parties' Stipulated Motion for Protective Order. ([Filing No. 92](#).) This motion is granted.

Accordingly:

This Protective Order shall apply to all Confidential Information produced or discovered in BNSF's Response to Plaintiff's Request for Production No. 21 ("RFP No. 21") only.

1.     Confidential Information produced or discovered in RFP No. 21 shall not, without the written consent of the Parties or further Court Order, be used or disclosed for any purpose except in the preparation and trial of this case (including any appeal).

2.     For purposes of this Order, "Confidential Information" means any document or information designated as confidential, including without limitation, non-public commercial or proprietary information about the finances or business practices of any party to this lawsuit and trade secrets or other intellectual property information, data or research of any named party in this action. This includes, without limitation, all documents or information produced in response to RFP No. 21. Confidential Information shall include copies of the Qualified Mechanical Inspectors exam in effect in 2015 and 2016, and any other information expressly designated "Confidential" by counsel of record in this matter.

Counsel shall make such designation only after review of the information and upon a good faith belief that the designation is appropriate because the subject information is confidential and implicates common law or statutory privacy interests.

3. Documents are designated as Confidential Information by placing or affixing on them (in a manner that will not interfere with their legibility) a label of "Confidential" or other appropriate notice.

4. Confidential Information produced or discovered in response to RFP No. 21 may only be disclosed to the following:

   a. attorneys and attorney staff actively working on this case;
   b. Parties, including the designated representatives of parties that are legal entities;
   c. expert witnesses and consultants retained in connection with this proceeding;
   d. the Court;
   e. reporters engaged in this action;
   f. disclosed witnesses who counsel has a reasonable and good faith belief that examination with respect to the document is necessary;
   g. representatives of the Parties' insurance carriers; and
   h. others by written agreement of all Parties.

5. This Protective Order shall apply to all Confidential Information regardless of the medium in which is contained.

6. Prior to disclosing any Confidential Information to any person listed in ¶ 5, counsel shall provide such person with a copy of this Protective Order and confirm that such person will read this Protective Order and agree to be bound by its provisions.

7. Whenever a deposition involves the disclosure of Confidential Information, the deposition or portions thereof shall be designated as "Confidential" and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as "Confidential" after transcription, provided written notice of the designation is promptly given to all counsel of record.

8. Production of any document or materials without a designation of confidentiality or an incorrect designation will not be deemed to waive a later claim as to its proper designation nor will it prevent any party from designating said documents or material "Confidential" at a later date. However, any use by the receiving party made before a post-production designation will not be a violation of this Protective Order.

9. In the event that a non-party produces documents that a Party wishes in good faith to designate as "Confidential," the party wishing to make that designation must do so promptly and with specificity. The non-designating parties shall thereafter treat the document or information in accordance with this Protective Order.

10. All documents of any nature containing Confidential Information shall be filed under restricted access provided the Court approves. A party seeking to file Confidential Information under restricted access must comply with the Court's rules and electronic docketing procedures for filing such motions.

11. Nothing in this Protective Order shall control the use of exhibits or testimony at trial or hearing, nor prejudice the ability of any party to object to the admission of Confidential Information.

12. Nothing in this Protective Order shall be deemed to be a limit or waiver of the attorney-client privilege, the work product privilege, or any other privilege.

13. Any Party may object to the designation of particular information as "Confidential" by giving written notice to the party designating the disputed information. The written notice shall identify the information with specificity. If the parties cannot resolve the objection within seven (7) days after the time the notice is received, it shall be the obligation of the party designating the information as "Confidential" to file an appropriate motion within the following seven (7) days requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. Once such a motion is filed, the disputed information shall be treated as Confidential Information under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential Information. In connection with a motion filed under this provision, the party designating the information as Confidential Information shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential.

14. At the conclusion of this case, and any appeal, unless other arrangements are agreed upon, information and all copies thereof which have been designated as Confidential Information, the Recipient shall return to the Producing Party all Confidential Information and all copies of such information. Alternatively, at the request of the Producing Party, the Recipient shall destroy all such materials and certify in writing that all such materials have been destroyed.

15. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

16. The Court shall retain jurisdiction, both before and after entry of final judgment in this case, whether by settlement or adjudication, to construe, enforce, and amend the provisions of this Protective Order.

DATED this 16th day of November, 2018.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge