IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DANA L. SIEMERS, <br><br> Plaintiff, <br><br> vs. <br><br> BNSF RAILWAY COMPANY, <br> a Delaware corporation, <br><br> Defendants. | 8:17-CV-360 <br><br> MEMORANDUM AND ORDER |

The plaintiff, Dana Siemers, is suing his former employer, BNSF Railway, for alleged violations of the Federal Employers Liability Act ("FELA"), 45 U.S.C. § 51 *et seq*. This matter is before the Court on the defendant's motion to exclude the testimony of John David Engle, Jr. (filing 74). For the reasons discussed below, that motion will be denied.

DISCUSSION

Siemers was employed at BNSF Railway as a Carman employee. Filing 1 at 2. In that position, Siemers manually tightened and set handbrakes on BNSF's railcars. Filing 1 at 2-3. In the course and scope of his employment, Siemers sustained a serious injury to his back. Filing 1 at 2-3. That injury, Siemers alleges, is the result of BNSF's failure to provide its employees with a reasonably safe working environment, reasonably safe tools and equipment, adequate training, and adequate supervision. *See generally* filing 1 at 3-4.

During the course of this litigation, Siemers retained the expert opinion of John David Engle Jr. *See generally* filing 74-5 at 11. Engle is an expert in railway braking systems, including the proper inspection, maintenance, and testing procedures for those systems. After reviewing the evidence, Engle

opined that Siemers' training by BNSF was "inconsistent [and] non-standardized." *See* filing 74-5 at 10. Specifically, Engle concluded that employees at BNSF received inadequate training on how to properly operate a vertical hand brake and determined that, in many instances, the BNSF employee training diverged from the procedures outlined in BNSF's safety rules. *See* filing 74-5 at 11-12. BNSF seeks to exclude this testimony. Filing 74.

DISCUSSION

Generally speaking, BNSF argues that Engle's opinion must be precluded pursuant to Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993) because his opinion is unreliable and speculative. Filing 74 at 6-7. The objective of the *Daubert* inquiry is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field. *Am. Auto. Ins. Co. v. Omega Flex, Inc.*, 783 F.3d 720, 722 (8th Cir. 2015). And in order to be admissible, expert testimony must be both relevant to a material issue and reliable. *Id.* at 591; *see also Margolies v. McCleary, Inc.*, 447 F.3d 1115, 1120 (8th Cir. 2006); *see* Fed. R. Evid. 702.

*Daubert* established a non-exclusive checklist for trial courts to use in assessing the reliability of expert testimony, including whether the theory or technique can and has been tested, whether it has been subjected to peer review, whether there is a high known or potential rate of error, and whether the theory or technique enjoys general acceptance within a relevant scientific community. *See U.S. v. Holmes*, 751 F.3d 846, 850 (8th Cir. 2014) (citing *Daubert,* 509 U.S. at 592-94). And for the purposes of evaluating the relevance of expert testimony, the Court must determine whether the expert's reasoning or methodology was applied properly to the facts at issue. *Daubert,* 509 U.S. at

2

580. To that end, expert testimony that is speculative, unsupported by sufficient facts, or contrary to the facts of the case, is inadmissible. *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 757 (8th Cir. 2006).

But BNSF has provided the Court with no argument, much less evidence, to suggest that Engle's *methodology* is unreliable. Rather, BNSF's motion asks this Court to exclude Engle's testimony because, as BNSF claims, his opinion is based on inaccurate or self-serving facts. *See generally* filing 74 at 7, 12-13. To that end, BNSF also points out that Engle's testimony has been excluded on at least two other occasions—and as such, contends that his opinion is inherently unreliable. *See Gilreath v. CSX Transp., Inc.*, No. 6:16-CV-96, 2018 WL 1003884, at \*2 (E.D. Ky. Feb. 21, 2018); *Shepherd v. Ar. & Mo. R.R.*, No. 10-5058 (W.D. Ark. May 20, 2011), *see* filing 74-6.

To begin, the Court is not persuaded by BNSF's argument that because Engle's testimony has been excluded before, his testimony must also be excluded here. After all, there is nothing to suggest that when a Court determines that an expert is not qualified to opine on *some* topics in a particular case, that the expert's opinion is inherently unreliable on *every* occasion. Filing 74 at 5-6. And here, Engle's purported testimony is factually distinguishable from the instances where his testimony was excluded.

For example, in *Gilreath*, the touchstone of Engle's opinion was that the hand brake was defective. 2018 WL 1003884, at \*2. That conclusion was based solely on the plaintiff's description of the hand brake—not Engle's own examination of the product. *Id.* And without actually inspecting the purportedly defective hand break, the Court determined that Engle's opinion was speculative. *Id.* But here, Engle does not opine that the hand brake itself is defective; rather, in Engle's opinion, BNSF's training *methods* are not reasonably safe. *See* filing 74-5 at 11-14. And reaching that conclusion does

3

not, as BNSF seems to suggest, require Engle's physical examination of the hand brake used by Siemers. Filing 74 at 5-6.

Relatedly, in *Shepherd*, Engle purported to opine on the safety of the brake rigging on a railroad slug car. Filing 74-6 at 14. But again, Engle had not inspected the slug or reviewed photographs of it. Filing 74-6 at 15. And more fundamentally, Engle did not have any experience working on or with slugs. Filing 74-6 at 13-15. So, the Court determined that Engle could not render a reliable opinion. Filing 74-6 at 15. By contrast, in this litigation, Engle—who has extensive experience in the inspection, maintenance, and testing of railway braking systems—*did* review the necessary evidence to reach an informed conclusion. In particular, Engle reviewed portions of Siemers' deposition discussing how he was trained to tighten the hand brake. *See* filing 74-5 at 4-5. And Engle relied on the testimony of Daniel Silva, a former BNSF safety supervisor. *See* filing 74-5 at 4-5. Engle also reviewed BNSF's training handout, BNSF's Mechanical Safety Rules, various safety write ups, and among other things, BNSF's response to Siemers' first set of interrogatories. Filing 74-4 at 4-5. And since Engle's preliminary report, the depositions of various other employees have been taken collaborating Siemers' initial testimony upon which Engle plans to rely on at trial. *See* filing 82-4; filing 82-4; *see also* filing 82 at 12-13. Thus, the Court cannot say, that Engle's opinion should be excluded on those grounds.

BNSF's latter contention, that Engle's opinion relies solely on Siemers' "unsubstantiated self-serving statements" while ignoring other "all contrary evidence," does not fare any better. Filing 74 at 7, 9. The factual basis of an expert opinion goes to the credibility of the testimony, not its admissibility. *Bonner v. ISP Tech., Inc.*, 259 F.3d 924, 929-30 (8th Cir. 2001). Only when an expert's opinion "is so fundamentally unsupported that it can offer no

4

assistance to the jury must such testimony be excluded." *Id.* But here, there can be little doubt that the specialized knowledge of an expert in railway braking safety would be helpful to the jury in this case. *See id.* In fact, it is likely essential—the jury will be asked to determine how, if at all, BNSF's training procedures varied from those standard in the industry.

And as discussed above, the Court cannot say, at least at this juncture, that the factual basis Engle relies on is fundamentally unsupported by the evidence. Whether Siemers' testimony is credible—and, therefore, whether an opinion premised on his version of the facts is credible—is a matter that the Court is confident BNSF's counsel can adequately address through cross-examination. But the gatekeeper function of *Daubert* is not intended to serve as a replacement for the adversary system. And BNSF's objections go to weight rather than admissibility.

Accordingly, the BNSF's motion will be denied on those grounds. The Court will hear renewed foundational objections at trial.

IT IS ORDERED that the defendant's motion to exclude (filing 74) is denied.

Dated this 6th day of December, 2018.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
Chief United States District Judge

5