# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

DANA SIEMERS,

Civil Action No. 8:17-cv-360

    Plaintiff,

v.

BNSF RAILWAY COMPANY,
a Delaware corporation,

    Defendant.

_____

## ORDER GRANTING DEFENDANT BNSF RAILWAY COMPANY'S MOTION TO COMPEL PRODUCTION OF PLAINITFF'S TELEPHONE RECORDS
_____

The Court, having held multiple conferences to hear argument from the parties, hereby GRANTS Defendant BNSF Railway Company's ("BNSF") Motion to Compel Production of Plaintiff's telephone records.

BNSF served on Plaintiff a request for production of Plaintiff's cellular telephone records from November 1, 2016 (the day before the claimed injury incident that is the basis of Plaintiff's lawsuit) to present. Plaintiff refused to produce any records in response to BNSF's request. A discovery dispute conference was requested by the parties who each submitted a summary of their respective positions on this matter without formal briefing. The Court heard argument on October 30, 2018 and found that Plaintiff's communications with coworkers or others from BNSF and telephone records evidencing the same were relevant and discoverable, and ordered the parties to further confer regarding production of these items.

Plaintiff, following the initial conference with the Court in October 2018, issued a subpoena to Plaintiff's cellular telephone provider, which is a prepaid provider. Plaintiff represented to the Court that he did not have access to substantive communications (*i.e.*, the content of text messages) between him and other coworkers. Records received in response to Plaintiff's subpoena include a listing of incoming and outgoing telephone calls and text messages, but not the substance of any communications. Plaintiff refused to produce to BNSF the telephone records produced to Plaintiff in response to his subpoena.

The Court heard further argument during the telephonic final pretrial conference on March 8, 2019. BNSF contends that the records are discoverable because whether and how often Plaintiff has communicated with BNSF coworkers or management since his alleged injury could reflect on the credibility of Plaintiff, his coworkers who may testify, or both. BNSF further contends that the fact that a communication occurred between Plaintiff and his attorney is not privileged or, alternatively, that it is not unduly burdensome to redact such references in Plaintiff's telephone records (BNSF does not object to redaction). BNSF also argues that no privacy interest is implicated in the telephone records because the records do not contain the substance of any communications.

Plaintiff contends that BNSF's Request for Production No. 33 served on July 30, 2018, which states verbatim,

> Produce all cellular phone and/or mobile device records, including but not limited to MMS, SMS, text messages, call logs and billing records for the time period November 1, 2016 to the present for each of those devices which you used or possessed during that time, including but not limited to those phones and/or devices which utilize phone number 402-405-6408 or any other cellular phone or other mobile device YOU have used during the referenced time frame.

2

is overbroad on its face and therefore not reasonably calculated to lead to the discovery of relevant information, citing *Madden v. Antonov*, No. 4:12CV3090, 2014 WL 4295288, at *3 (D. Neb. 2014), nor proportional to the needs of this FELA case. Plaintiff argues this Request seeks information that is on its face irrelevant, unduly burdensome given the volume of information requested, harassing and invasive of Mr. Siemers' private communications having no bearing on any material issue in this case, and requests communications with anyone Mr. Siemers has communicated with, including but not limited to his attorney which constitute privileged communications.

Plaintiff contends that BNSF has failed to establish the necessary threshold showing of relevance with its overly broad discovery request. "Some threshold showing of relevance must be made before the parties are required to open wide the doors of discovery and to produce a variety of information which does not bear upon the issues in the case." *Linc-Drop, Inc. v. City of Lincoln*, No. 91-3428, 2013 WL 5888256, at *1 (D. Neb. Oct. 31, 2013) (citing *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992)).

Relying on *Price v. Jarett*, No. 8:15CV200, 2017 WL 1437056, at *2 (D. Neb. Apr. 21, 2017), Plaintiff also contends that the discovery sought by BNSF is unreasonably cumulative or duplicative and could have been obtained from other sources that is more convenient, less burdensome, or less expensive. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff argues that in September and November 2018 and after service of Request for Production No. 33, BNSF took the depositions of nine (9) coworkers of Mr. Siemers and had every opportunity to ask all coworker witnesses about communications had with Mr. Siemers in the time frame requested and BNSF did so in many of the depositions. The

communications records received by Plaintiff through subpoena include four excel documents consisting of 2,914 pages in total. During the argument on March 8, 2019 Plaintiff additionally argued that it would be overly burdensome to redact references to communications with Plaintiff's counsel and communications with third parties who are not BNSF coworkers or managers which are not relevant and implicates privacy interests. Plaintiff argues redacting irrelevant entries from 2,914 pages of communications records would be overly burdensome because BNSF has never provided a list of phone numbers of BNSF coworkers or managers it seeks to discover within these records, thereby placing Plaintiff in the untenable position of potentially and unintentionally redacting certain communications that otherwise should not be.

The Court finds:

1. Plaintiff's telephone records from November 1, 2016 to present and any other records received by Plaintiff in response to his subpoena to his cellular telephone provider are discoverable pursuant to Fed. R. Civ. P. 26. BNSF is entitled to discover whether and how often Plaintiff has communicated with coworkers or BNSF management since his alleged injury.

2. The fact that Plaintiff's counsel's telephone number may appear in the records does not render them subject to a privilege claim. Plaintiff may redact references to communications between Plaintiff and Plaintiff's counsel, which the Court finds is not overly burdensome.

3. Privacy considerations of Plaintiff or third parties not involved in this litigation are minimal to non-existent since the at-issue records do not contain the substance of communications.

The Court therefore ORDERS Plaintiff to produce to BNSF all records received in response to Plaintiff's subpoena to his cellular telephone carrier. Plaintiff may redact references to communications between Plaintiff's counsel and Plaintiff (but is not required to do so to maintain privilege claims regarding the substance of the communications). Plaintiff shall produce such records to BNSF no later than one week from the date of this Order.

DATED this 8th day of April, 2019.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge