IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| DANA L. SIEMERS, | |
|---|---|
| Plaintiff, | 8:17-CV-360 |
| vs. | MEMORANDUM AND ORDER |
| BNSF RAILWAY COMPANY, | |
| Defendant. | |

This matter is before the Court on the parties' motions in limine (filing 118; filing 121, filing 126), BNSF's motion for a jury site visit (filing 120), BNSF's motion to exclude Siemers' untimely disclosed brake stick liability theory (filing 123), and Siemers' motion for leave to amend the final pretrial order (filing 153). The Court heard arguments on these motions during a May 13, 2019 hearing. For the reasons explained below, the parties' motions will be granted in part, and denied in part.

1. SIEMERS' MOTIONS IN LIMINE

Siemers requests an order precluding BNSF, its counsel, and its witnesses from directly or indirectly presenting or arguing eight general categories of information. Some of those requests will be granted, as explained more below, but others will be denied without prejudice to reassertion at trial.

(a) Collateral Source Benefits

First, Siemers seeks to exclude any reference to payments he received from a collateral source. Filing 118 at 1. Ordinarily payments received from collateral sources are not allowed into evidence. *Hannah v. Haskins,* 612 F.2d 373, 375 (8th Cir. 1980). But the Eighth Circuit has also determined that when

the plaintiff makes a specific reference to collateral source payments on direct examination, the scope of permissible inquiry is set by the direct examination, and the usual rules on cross-examination apply. *Lange v. Missouri Pac. R. Co., 703 F.2d 322, 324 (8th Cir. 1983)*. And under the rules of cross-examination, it is plausible that the collateral source payments might be relevant, based on the plaintiff's testimony on direct examination, to the plaintiff's credibility. *Id.* So, initially BNSF will not be allowed to introduce evidence of collateral source payments, *see Haskins*, 612 F.3d at 375, and Siemers' motion will be granted on those grounds. However, if Siemers opens the door to those benefits, then they might be relevant for purposes of cross-examination. Accordingly, the Court will grant Siemers' motion on this issue with the above caveat.

(b) General Statements About the Safety of BNSF

Siemers moves to exclude any comment regarding the general safety of employees at BNSF or testimony that BNSF is a reasonably safe place to work. Filing 118 at 1. According to Siemers, that evidence is irrelevant to his specific allegations of negligence. It all depends on context. Whether BNSF is reasonably safe may certainly be relevant to Siemers' allegations that BNSF failed to provide him with "a reasonably safe place to work . . . reasonably safe conditions for work . . .[and] reasonably safe methods and procedures for work." Filing 1 at 3; *see* Fed. R. Evid. 401. Depending on the tendered evidence, the Court will determine whether the probative value of such evidence is outweighed by its prejudicial effect. Fed. R. Evid. 403. So, this part of Siemers' motion will be denied without prejudice to reassertion at trial.

(c) Improper or Inconsistent Training at BNSF

Next, Siemers moves to exclude two categories of separate but related evidence: (1) testimony that Siemers' allegations against BNSF are actually

2

"personal attacks" on BNSF and the employees who trained him, and (2) comments or arguments that Siemers was injured because of improper or inconsistent training by his labor union. Filing 118 at 1-2. The relevance of this testimony, if any, will depend on the evidence adduced at trial. So, Siemers' motion on these grounds will be denied without prejudice to reassertion. Filing 118 at 1.

(d) Preexisting Medical Conditions

Siemers also seeks to exclude any evidence of his previous medical conditions, accidents, and work-related injury claims. Filing 118 at 2. As the Court explained in the May 13 hearing, it is possible that *some* of Siemers' prior injuries may be relevant to the nature and extent of the instant injury and a determination of causation (*i.e.*, aggravation of a prior injury/condition). For example, if the medical evidence presented at trial supports a finding that other accidents or incidents contributed to Siemers' current back condition—evidence of those accidents or injuries would be admissible at trial. *See Neigum v. BNSF Ry. Co.*, No. 1:06-CV-026, 2008 WL 1049905, at *4 (D.N.D. Apr. 8, 2008).

There are other types of evidence, however, that are not relevant to the incident at issue here, and BNSF will not be permitted to introduce such evidence. For instance, evidence that Siemers suffered an earlier shoulder injury, filed prior workers' compensation claims, or received a $10,000 settlement after a motor vehicle accident, are irrelevant to the issue in this trial. Filing 118 at 2.

Accordingly, as to this issue, the Court will grant Siemers' motion in part and deny it in part as set forth above.

(e) Dr. Timothy Burd's Medical Malpractice Actions.

Siemers moves to exclude the portions of Dr. Burd's video deposition concerning two malpractice suits filed against him. Filing 119 at 13. BNSF, on the other hand, argues that the evidence is relevant for purposes of determining Dr. Burd's credibility and qualifications. Filing 147 at 13. As the Court explained during the May 13 hearing, for the malpractice claims to be admissible they must involve allegations related to a spinal injury or the misdiagnosis of the same or similar spinal injury. Because the two malpractice claims Siemers' seeks to exclude involve allegations relating to a knee arthroscopy and a suspected bone infection, the Court finds those claims are not relevant to the injury at issue here. *See* filing 119 at 10-11. And, if there would be some minimal probative value—it is substantially outweighed by unfair prejudice. Fed. R. Evid. 403. So, the Court will grant Siemers' motion on those grounds.

(f) Siemers' Bankruptcy Filings

Siemers seeks to exclude evidence that Siemers has filed for bankruptcy on three separate occasions. Filing 119 at 13. BNSF argues that Siemers' bankruptcy is relevant to "Siemers' credibility—specifically, his motivation for financial gain and motivation in filing this lawsuit." Filing 147 at 13. Whether or not it is relevant, this evidence is unfairly prejudicial, and that unfair prejudice substantially outweighs whatever probative value the evidence may have. The Court will grant Siemers' motion as to this evidence under Fed. R. Evid. 403.

### (g) Siemers' 2011 DUI

Siemers moves to exclude evidence that he pled guilty to a DUI in 2011. Filing 147 at 14. BNSF does not object to the exclusion of this evidence, and Siemers' motion will be granted on that point.

### (h) BNSF's Contributory Negligence Defense

Siemers next argument is premature. Specifically, Siemers asks the Court to refrain from giving the jury a contributory negligence instruction. Filing 148 at 3-4. But whether that instruction is warranted is a matter that the Court will take up after all of the evidence has been adduced, and the issue is discussed at the jury instruction conference. *See Wilson v. Burlington N., Inc.*, 670 F.2d 780, 782 (8th Cir.), *cert. denied*, 457 U.S. 1120 (1982). So, Siemers' motion will be denied as to contributory negligence at this juncture.

### 2. BNSF'S MOTION IN LIMINE

BNSF also seeks an order prohibiting Siemers, his counsel, or his witnesses from presenting evidence on a variety of topics. Siemers does not oppose BNSF's motion on some matters, but he does oppose the motion as to others. The Court will begin its discussion with the categories of evidence that are contested, before it turns to the evidence that the parties agree should be excluded.

### (a) FELA as Siemers' Sole Remedy

BNSF seeks the exclusion of any evidence or argument that a FELA award is Siemers' sole remedy for recovery. Filing 121 at 1. The Court will grant BNSF's motion on these grounds. *See Loos v. BNSF R. Co.*, 2015 WL 5039342, at *2 (D. Minn. 2015); *Campbell v. BNSF Ry. Co.*, 2011 WL 799743, at *1 (D. N.D. 2011); *Magelky v. BNSF Ry. Co.*, 2008 WL 238451, at *8 (D. N.D.

2008) (citing *Schmitz v. Canadian Pac. Ry. Co.*, 454 F.3d 678, 685 (7th Cir. 2006)). Siemers will not be permitted to present argument or evidence that this litigation is his sole avenue for recovery.

(b) Unrelated Accidents and Incidents

Next, BNSF seeks to exclude the following injury reports as irrelevant:

- In October 2014, an employee from a different craft in Texas reported "tweak(ing) his back tying a handbrake." Filing 122 at 9.

- In May 2014, an employee from a different craft claimed to have felt back pain after tying a handbrake in Edgemont, South Dakota. Filing 122 at 8.

- In June 2012, an employee from a different craft reported tying a handbrake in Memphis, Tennessee "when he felt a pop and experienced pain from his right breast to his back." Filing 122 at 9.

- In July 2014, an employee from a different craft reported that after tying handbrakes during a work shift in Tioga, North Dakota, his back began to hurt on the drive home. Filing 122 at 9.

- In November 2015, an employee from a different craft in Kansas City, Kansas reported that he felt pain in his right arm while tightening a handbrake. Filing 122 at 9.

6

- In October 2012, an employee from a different craft in Dallas, Texas reported left shoulder pain while tying a handbrake. Filing 122 at 9.

- In May 2015, an employee from a different craft in Vancouver, Washington reported pain in his shoulder while moving a handbrake. Filing 122 at 9.

- In July 2015, an employee from a different craft in Chicago, Illinois reported injuring his right wrist while setting a handbrake. Filing 122 at 9.

- In July 2015 an employee from a different craft in Los Angeles, California reported neck discomfort after setting a handbrake. Filing 122 at 9.

- In December 2011, an employee from Siemers' craft in Cicero, Illinois reported pain in his right shoulder after applying a handbrake. Filing 122 at 9.

- In June 2014, an employee from a different craft in Minot, North Dakota reported hurting his left shoulder while tying handbrakes. Filing 122 at 9.

- In January 2015, an employee from a different craft in Seattle, Washington reported mid to upper-back pain while tying a handbrake. Filing 122 at 9.

- In August 2012, an employee from a different craft in Elwood, Illinois reported soreness in the right side of his chest soon after applying a handbrake. [Filing 122 at 9](Filing 122 at 9).

- In August 2016, an employee from a different craft in Justin, Texas reported feeling a "stretch in his stomach" after tying down handbrakes. [Filing 122 at 9](Filing 122 at 9).

- In April 2014, an employee from a different craft in Springfield, Missouri reported injuring his shoulder while operating a handbrake. [Filing 122 at 9](Filing 122 at 9).

- In May 2015, an employee from a different craft in Oklahoma City, Oklahoma "tweaked his low back and hip" while applying handbrakes." [Filing 122 at 9](Filing 122 at 9).

- In September 2013, an employee from a different craft in Epping, North Dakota reported feeling a "pull in his right shoulder" while operating a handbrake. [Filing 122 at 9](Filing 122 at 9).

Although evidence of prior accidents may be admissible to prove notice on the part of a defendant, any such accidents admitted "must be sufficiently similar in time, place or circumstances to be probative." *First Sec. Bank v. Union Pacific R.R. Co.*, 152 F.3d 877, 879 (8th Cir. 1998); *see Johnson v. Union Pacific R. Co.*, 2007 WL 2914886, at *3 (D. Neb. 2007). Thus, to the extent Siemers intends to introduce such evidence, he must show that the facts and circumstances of the other accidents "are substantially similar to the case at bar." *First Sec. Bank*, 152 F.3d at 880.

The Court finds that all seventeen injuries Siemers seeks to introduce fail to meet the "substantially similar in time, place or circumstance" test. *Id.* The only injury that, even arguably, might be similar to the incident at issue here—the December 2011 injury—is not *substantially* similar. *Id.* Although that injury occurred while an employee in Siemers' same craft was applying a handbrake, it occurred nearly four years before Siemers' injury, in a completely different state, and resulted in a different injury. Filing 122 at 9. As such, the Court concludes that injury, like the other sixteen injuries, is not probative under the circumstances . Filing 122 at 9. BNSF's motion will be granted as to evidence of these injuries.

### (c) BNSF's Safety Rules

BNSF claims that Siemers should be prohibited from introducing evidence of BNSF's unrelated safety rules. More specifically, BNSF moves to exclude testimony, evidence, or argument concerning how BNSF employees are supposed to place their feet when setting handbrakes. Filing 122 at 13., Siemers, however, claims that BNSF's rules governing its employees' foot positioning is highly relevant to his theory that BNSF implemented inconsistent training and failed to adequately enforce its safety protocols. Filing 144 at 13. Because the relevance of this evidence depends on the evidence adduced at trial, the Court will deny BNSF's motion on this point without prejudice to reassertion at trial.

### (d) Remaining Motions

BNSF's remaining motions are not disputed by Siemers. *See* filing 122 at 2-7. So, that parties agree, and the Court now orders, that Siemers shall not present the following at trial:

- Any reference to the size or financial condition of the BNSF railroad or BNSF' s law firm. Filing 121 at 1.

- Any reference to the history and purpose of FELA. Filing 121 at 1.

- Any argument or reference that the railroad industry is generally unsafe or dangerous. Filing 121 at 1.

- Any reference to any injuries or conditions attributable to Siemers' employment with BNSF other than his alleged injury. Filing 121 at 1.

- Any reference to the recovery of prejudgment interest. Filing 121 at 1.

- Any reference to the taxability of a FELA award. Filing 121 at 1.

- Any testimony about the legal duty owed by BNSF. Filing 121 at 1.

3. BNSF'S MOTION TO EXCLUDE SIEMERS' UNTIMELY DISCLOSED EVIDENCE

BNSF moves to exclude several witnesses, exhibits, and at least one of Siemers' theories of recovery as untimely disclosed. Filing 122 at 16; filing 140 at 5. Under this Court's local rules, "[e]xcept upon a showing of good cause, failure to list an exhibit required by this rule to be listed results in its nonadmissibility over an objection." NECivR 16.2(a)(1). Two similar tests, or sets of factors, have been used by the Eighth Circuit to determine whether a

witness's testimony or trial exhibits should be excluded if that evidence was not named in the pretrial order. The first test looks at the reason for failing to name the witness, the importance of the witness's testimony, the opposing party's need for time to prepare for the testimony, and whether a continuance would be useful. *Patterson v. F.W. Woolworth Co.*, 786 F.2d 874, 879 (8th Cir. 1986); *see Citizens Bank v. Ford Motor Co.*, 16 F.3d 965, 966 (8th Cir. 1994). The second test looks at the prejudice or surprise in fact of the party against whom the evidence would be presented, the ability of that party to cure the prejudice, the extent to which admitting the evidence would disrupt the orderly and efficient trial of the case or of other cases in the court, and bad faith or willfulness of the party failing to comply with the court's order. *Morfeld v. Kehm*, 803 F.2d 1452, 1455 (8th Cir. 1986).

With those principles in mind, and as the Court explained during the May 13 hearing, the Court will permit the following evidence, so long as adequate foundation is laid, at trial: (1) documents, videos, or any other evidence created or disseminated by BNSF, and (2) evidence of the generally accepted AAR safe practices. Filing 122 at 16; filing 153 at 2. The Court will, however, exclude the following evidence: (1) any documents, videos, or evidence that were created or used by the Union Pacific Railroad, and (2) any documents relating to the brake stick patent. Filing 122 at 16; filing 153 at 2.

Relatedly, the Court will permit Siemers to introduce testimony and evidence supporting his brake stick theory of liability. As Siemers correctly points out, the operative complaint sets forth several allegations that encompass his brake stick liability theory—including allegations that BNSF failed to provide him, among other things, with a reasonably safe place to work, reasonably safe equipment for work, and adequate training and supervision. Filing 140 at 4. The issue of brake sticks also came up in Daniel Silva's

11

deposition taken in the fall of 2018. Filing 141-1 at 2-3. And as such, Siemers' alleged non-disclosure, if any, is harmless. *Wegener*, 527 F.3d at 692.

Even so, the Court wants to guard against any possibility of prejudice or surprise to BNSF at trial. Thus, BNSF may take a supplemental deposition of Dana Siemers prior to trial, and question him about any and all aspects of his brake stick theory. *See Morfeld*, 803 F.2d at 1455.

So, in sum, Siemers' brake stick theory is admissible, any evidence produced by BNSF is admissible, and the generally accepted safety practices promulgated by the AAR are admissible. But Siemers will not be allowed to introduce any evidence created or produced by Union Pacific or evidence of the brake stick patent.

### 4. BNSF'S MOTION FOR JURY SITE VISIT

BNSF has asked the Court to grant its motion for a jury site visit. Conducting an off-site jury visit is within the Court's discretion, but granting such visits is rare. *United States v. Triplett*, 195 F.3d 990, 999 (8th Cir. 1999); *see, e.g.*, *E.E.O.C. v. Hibbing Taconite Co.*, 2010 WL 2680988, at *1 (D. Minn. July 1, 2010); *Eagle N. Am., Inc. v. Tronox*, LLC, 2008 WL 1891475, at *4 (S.D. Ga. Apr. 29, 2008); *accord, e.g.*, *Vassallo v. Niedermeyer*, 495 F. Supp. 757, 760 (S.D.N.Y. 1980) (noting that site visits are highly unusual). Specifically, when site visits would be time-consuming and cumulative of other evidence, the Court can, and should, deny such visits. *United States v. Triplett*, 195 F.3d 990, 999 (8th Cir. 1999) (affirming the lower court's denial of a site visit when photographs and witness testimony were available); *Kelley v. Wegman's Food Markets, Inc.*, 98 Fed. Appx. 102, 105 (3rd Cir. 2004) (finding that where a jury view would be time consuming and difficult to control, a court does not abuse its discretion in denying the view, especially in light of photographs, other evidence and testimony).

As the Court explained to the parties at the May 13 hearing, the benefits of a jury site visit, if any, are insufficient to justify the disruption, the potential wrangling at the site, and the delay in trial. *Triplett*, 195 F.3d at 999; *Johnson*, 767 F .2d at 1273. Accordingly, the Court will deny BNSF's motion for a jury site visit. The Court will, however, allow BNSF to use other reasonable demonstrative evidence to show the jury how a wheel-style handbrake is set on a railcar . . . including the use of photographs or an actual in-court demonstration.

IT IS ORDERED:

1. Siemers' motion in limine combined (filing 118) is granted in part and denied in part as set forth above.

2. BNSF's motion for jury site visit (filing 120) is denied.

3. BNSF's motion in limine omnibus (filing 121) is granted in part and denied in part as set forth above.

4. BNSF's motion to exclude plaintiff's untimely disclosed brake stick liability theory and evidence (filing 123) is granted in part and denied in part.

5. BNSF's motion in limine to preclude arguments and submission to the jury that certain actions of Mr. Siemers on November 2, 2015 constitute negligence (filing 126) is denied without prejudice to reassertion.

6. Siemers' motion for leave to amend order on final pretrial conference (filing 153) to add exhibits to the joint trial exhibit list is granted in part and denied in part as set forth above.

Dated this 15th day of May, 2019.

BY THE COURT:

*John M. Gerrard*

John M. Gerrard
Chief United States District Judge