IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DANA L. SIEMERS, | |
| Plaintiff, | 8:17-CV-360 |
| vs. | |
| BNSF RAILWAY COMPANY, a Delaware corporation, | ORDER |
| Defendant. | |

This matter is before the Court on the plaintiff's motion (filing 218) to review taxation of costs. BNSF had filed a bill of costs seeking costs in the amount of $35,277.47. Filing 211. The Clerk of the Court disallowed some of those costs, and taxed costs in the amount of $25,581.70. Filing 217. The plaintiff objects to that amount, arguing that it will cause him undue economic hardship. Filing 218. The Court will sustain that objection in part, and award costs to BNSF in the amount of $12,790.85.

Unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise, costs—other than attorney fees—should be allowed to the prevailing party in a civil action. Fed. R. Civ. P. 54(d)(1). The prevailing party is presumptively entitled to recover all of its costs, and the losing party bears the burden of overcoming that presumption. *See Craftsmen Limousine, Inc., v. Ford Motor Co.*, 579 F.3d 894, 896-97 (8th Cir. 2009); *168th & Dodge, LP v. Rave Reviews Cinemas, LLC*, 501 F.3d 945, 958 (8th Cir. 2007); *Thompson v. Wal-Mart Stores, Inc.*, 472 F.3d 515, 517 (8th Cir. 2006); *see also Stanley v. Cottrell, Inc.*, 784 F.3d 454, 464 (8th Cir. 2015).

But Rule 54(d) is phrased in permissive terms and does grant the Court discretion to refuse to tax costs to the losing party. *Marmo v. Tyson Fresh*

*Meats, Inc.*, 457 F.3d 748, 762 (8th Cir. 2006). And the Court may consider a losing party's limited financial resources when deciding whether to tax costs. *McLelland v. Ridge Tool Co.*, 350 F. Supp. 3d 773, 776 (W.D. Ark. 2018); *see In re Derailment Cases*, 417 F.3d 840, 844-45 (8th Cir. 2005); *Lampkins v. Thompson*, 337 F.3d 1009, 1017 (8th Cir. 2003); *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983). But the losing party still bears the burden of showing an award is inequitable under the circumstances. *Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 498 (8th Cir. 2002).

BNSF argues that the plaintiff's motion should be denied solely because it wasn't supported by contemporaneously filed evidence. Filing 221 at 3-5. But the Court presided over a 6-day trial at which the plaintiff's physical, emotional, and financial condition was extensively addressed. The Court has little trouble relying on the trial evidence as support for the plaintiff's motion. Based on that evidence, the Court finds that a *partial* award of costs is appropriate. *See Cross*, 721 F.2d at 1157; *see also Lampkins*, 337 F.3d at 1017.

The Court has considered factors other courts have found relevant, such as whether the parties acted in good or bad faith, the closeness and difficulty of the issues raised, the relative disparity of wealth between the parties, and the losing party's ability to pay costs. *See In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 463 (3d Cir. 2000); *cf. In re Derailment Cases*, 417 F.3d at 845. In particular, in this case, the Court finds the plaintiff's economic hardship and the close and difficult issues presented for trial to be the relevant factors. *See Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004).[1]

---

[1] For the sake of completeness, the Court finds that both parties litigated in good faith, and that the *relative* wealth of the parties, while not *verboten* in the Eighth Circuit, *see In re Derailment Cases*, 417 F.3d at 845, is nonetheless a factor that deserves relatively little weight, *see Moore v. CITGO Ref. & Chemicals Co., L.P.*, 735 F.3d 309, 320 (5th Cir. 2013).

BNSF argues that the plaintiff has failed to present evidence "of a severe and permanent economic hardship." Filing 221 at 9-12. The Court recognizes that the economic hardship exception is meant to be narrow. *See Richardson v. Chicago Transit Auth.*, 926 F.3d 881, 893 (7th Cir. 2019). And the Court agrees with BNSF that the plaintiff is not completely indigent—rather, he is merely "unable to pay the full measure of costs," which is why a partial award is appropriate. *See In re Paoli R.R. Yard PCB Litig.*, 221 F.3d at 464; *see also Lampkins*, 337 F.3d at 1017; *Cross*, 721 F.2d at 1157. The Court rejects BNSF's suggestion that the plaintiff has deliberately under-earned in order to pursue damages in this case, *see* filing 221 at 10, and instead finds that the plaintiff's present and future earning capacity has been substantially reduced by his physical condition and prognosis, regardless of who or what caused his injuries.

Being familiar with the record and manner in which the case was litigated from start to finish, and having carefully reviewed the bill of costs, the Court concludes that it is equitable to halve the costs taxed to the plaintiff. *See* filing 217. The bulk of those costs were deposition fees, and both sides in this case took several depositions and obtained transcripts and videos of them. *See* filing 213-1 at 1-8. While much of that evidence appeared at trial—used by *both* sides—much of it was investigatory as well, regardless of whether those witnesses appeared at trial live or by deposition. The Court is not going to parse through the deposition expenses for each witness line-by-line—rather, it suffices to conclude that on balance, the Court finds it equitable to charge half those costs to the plaintiff.

Similarly, the Court finds that the plaintiff should be relieved of half of the taxable witness fees, given that many of those fees were associated with the depositions, and that the largest component of the witness fees—Brian Heikkila's expenses—resulted from BNSF's decision to call him as a live

witness instead of relying on the deposition transcript that it *also* sought to tax to the plaintiff. *See* filing 213-1 at 8-9. And finally, it is equitable to divide defense counsel's *pro hac vice* fees between the parties. While the Court recognizes that those are taxable as costs, *see Craftsmen Limousine, Inc. v. Ford Motor Co.*, 579 F.3d 894, 898 (8th Cir. 2009), the Court finds that halving the taxation of those fees strikes an appropriate balance between the plaintiff's responsibility for choosing the forum and BNSF's choice to be represented by out-of-state counsel in a courthouse about a mile-and-a-half from the location of its corporate parent. *See* filing 13.

The Court acknowledges that there is a certain "rough justice" to this calculation, but the resulting award is consistent with the Court's assessment of the plaintiff's financial resources and earning capacity, and the equity of awarding costs in this closely-contested case. Accordingly,

IT IS ORDERED:

1. The plaintiff's motion to review taxation of costs (filing 218) is granted in part and in part denied.

2. Costs in the amount of $12,790.85 are taxed in favor of BNSF and against the plaintiff and are included in the judgment.

Dated this 23rd day of October, 2019.

BY THE COURT:

John M. Gerrard
Chief United States District Judge